```
JAMES B. CHANIN (SBN# 76043)
Law Offices of James B. Chanin
3050 Shattuck Avenue
Berkeley, California  94705
Telephone: (510) 848-4752
Facsimile: (510) 848-5819
Email:     jbcofc@aol.com

Attorneys for Plaintiff
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID GREENSLADE,<br><br>            Plaintiff,<br><br>vs.<br><br>CITY OF OAKLAND, a municipal corporation; M. PATTERSON or DOE 1, individually and in his capacity as a police officer for the City of Oakland; DOES 1-100, inclusive,<br><br>            Defendants. | CASE NO.<br><br><u>COMPLAINT FOR DAMAGES</u><br>(42 U.S.C. §1983 and Supplemental Tort Claims)<br><br><u>JURY TRIAL DEMANDED</u> |

<u>JURISDICTION</u>

1. This action arises under 42 U.S.C. §1983. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343.

<u>INTRADISTRICT ASSIGNMENT</u>

2. The claims alleged herein arose in the City of Oakland, State of California. Therefore, venue and assignment lies in the United States District Court for the Northern District of California, San Francisco or Oakland Divisions. 28

COMPLAINT                           1

U.S.C. Section 1391(b)(2).

PARTIES

3. Plaintiff, DAVID GREENSLADE, is a citizen of the United States and a resident of Alameda County, California.

4. Defendant CITY OF OAKLAND is, and at all times herein mentioned was, a municipal corporation duly organized and existing under the laws of the State of California.

5. Defendant M. PATTERSON or Doe 1 (hereinafter Defendant PATTERSON or Doe 1) was at all times herein mentioned, a Police Officer for the CITY OF OAKLAND and is sued herein in his individual and official capacities.

6. Plaintiff is ignorant of the true names and/or capacities of defendants sued herein as DOES 1 through 100, inclusive, and therefore sues said defendants by such fictitious names. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and upon such information and belief alleges that each of the Doe defendants is legally responsible and liable for the incident, injuries and damages hereinafter set forth, and that each of said defendants proximately caused said incidents, injuries and damages by reason of their negligence, breach of duty, negligent supervision, management or control, battery, violation of constitutional rights, violation of public policy, false arrests, or by reason of other personal, vicarious or imputed negligence, fault, or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or

COMPLAINT 2

omission. Plaintiff will ask leave to amend this complaint to insert further charging allegations when such facts are ascertained.

7. In doing the acts alleged herein, Defendants, and each of them, acted within the course and scope of their employment for the CITY OF OAKLAND.

8. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted under color of authority and/or under color of law.

9. In doing the acts and/or omissions alleged herein, Defendants, and each of them, acted as the agent, servant, employee and/or in concert with each of said other Defendants herein.

## STATEMENT OF FACTS

10. On or about December 19, 2004, Plaintiff, DAVID GREENSLADE, was attending a Raider's football game at the Oakland Coliseum.

11. Plaintiff is informed and believes and thereon alleges that he was taken into custody by members of the CITY OF OAKLAND Police Department for allegedly being intoxicated in public while at the football game.

12. Plaintiff is informed and believes and thereon alleges that Defendant M. PATTERSON or DOE 1, acting in his capacity as a police officer for Defendant CITY OF OAKLAND, transported Plaintiff from the Oakland Coliseum to the CITY OF OAKLAND jail.

13. After arriving at the CITY OF OAKLAND jail,

COMPLAINT                             3

Plaintiff is informed and believes and thereon alleges that Defendant M. PATTERSON and/or DOES 1-10 and/or each of them, caused the Plaintiff to suffer serious head and facial injuries.

14. Plaintiff was transported by ambulance from the CITY OF OAKLAND jail to Highland Hospital for emergency medical treatment.

15. At Highland Hospital, Plaintiff was diagnosed with injuries that included, but were not limited to, right superior and lateral orbital fractures, a hematoma to the forehead, bleeding from his nose, and an eyelid hematoma. Plaintiff also sustained damage to four of his teeth which were chipped as a result of this incident.

## **CLAIMS FOR RELIEF**

### FIRST CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST DEFENDANTS M. PATTERSON, DOES 1-10)

16. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 15 of the Complaint.

17. In doing the acts complained of herein, Plaintiff is informed and believes and thereon alleges that Defendants M. PATTERSON and/or Does 1-10 and/or each of them, individually and/or while acting in concert with one another, subjected the Plaintiff to excessive force, thereby violating his right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

18. As a result of the violation of his right to be

COMPLAINT 4

free from unreasonable searches and seizures, Plaintiff has incurred, and/or may continue to incur in the future, the damages alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## SECOND CLAIM FOR RELIEF

(42 U.S.C. SECTION 1983)
(AGAINST CITY OF OAKLAND, DOES 2-100)

19. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 18.

20. As against Defendants CITY OF OAKLAND, DOES 2-100 and/or each of them, individually and/or in their capacities as official policy-maker(s) for the CITY OF OAKLAND, the Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged in the Complaint herein are indicative and representative of a repeated course of conduct by members of the CITY OF OAKLAND Police Department tantamount to a custom, policy or repeated practice of condoning and tacitly encouraging the abuse of police authority, and disregard for the constitutional rights of persons with whom CITY OF OAKLAND Police Officers come into contact.

21. Plaintiff is further informed and believes and thereon alleges that the acts and/or omissions alleged herein are the proximate result of a custom, policy, pattern or practice of deliberate indifference by the CITY OF OAKLAND, DOES 1-100 and/or each of them, to the repeated violations of the constitutional rights of citizens by CITY OF OAKLAND

COMPLAINT 5

police officers, which have included, but are not limited to, the repeated use of excessive force and other repeated violations of the constitutional rights of citizens in Oakland.

22. Plaintiff is further informed and believes and thereon alleges that the damages sustained as alleged herein were the proximate result customs, policies and/or practices which included, but were not limited to, the failure to adequately or appropriately hold officers accountable for their misconduct, the failure to properly and fairly investigate complaints about officers' misconduct, the failure to enact or adopt policies to ensure adequate and/or appropriate oversight of officers to prevent continuing violations of the rights of citizens, the failure to properly train and/or discipline officers, the failure to adequately or properly supervise officers, the failure to adopt an appropriate early warning system, and/or other customs, and/or policies which caused and/or contributed to, the violation of the rights of citizens by members of the CITY OF OAKLAND Police Department.

23. Plaintiff is informed and believes and thereon alleges that the aforementioned deliberate indifference, customs, policies or practices of Defendants CITY OF OAKLAND, DOES 2-100, and each of them, resulted in the deprivation of Plaintiff's right to be free from unreasonable searches and seizures under the Fourth and Fourteenth Amendments to the United States Constitution.

COMPLAINT                         6

24. As a result of the violation of his right to be free from unreasonable searches and seizures, Plaintiff has incurred, and/or may continue to incur in the future, the damages alleged in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRD CLAIM FOR RELIEF

(NEGLIGENCE)
(AGAINST DEFENDANTS M. PATTERSON, CITY OF OAKLAND, DOES 1-100)

25. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 24.

26. Defendants M. PATTERSON, DOES 1 through 100, individually and/or acting in concert and while acting within the course and scope of their employment for Defendant CITY OF OAKLAND, owed Plaintiff a duty to use due care at or about the times of the aforementioned incidents.

27. In doing the aforementioned acts and/or omissions, Plaintiff is informed and believes and thereon alleges that said Defendants and/or each of them, individually and/or while acting in concert with one another, negligently breached said duty to use due care, directly and proximately resulting in the injuries and damages to the Plaintiff as alleged herein.

28. Defendant CITY OF OAKLAND is therefore liable as *respondeat superior* for the negligence of its employees and agents within the course and scope of their employment and agency as alleged herein.

29. As a result of the negligence of Defendants,

COMPLAINT                                                   7

and each of them, Plaintiff suffered the damages and injuries as alleged heretofore in this Complaint.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTH CLAIM FOR RELIEF

(BATTERY)
(AGAINST DEFENDANTS M. PATTERSON, CITY OF OAKLAND, DOES 1-10)

30.  Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 29.

31.  In doing the acts alleged in this Complaint, Plaintiff is informed and believes and thereon alleges that Defendants M. PATTERSON, DOES 1-10 and/or each of them, individually and/or while acting in concert with one another, caused Plaintiff to be subjected to non-consensual, non-privileged, offensive touching of the Plaintiff's body constituting battery.

32.  As a result of said battery, Plaintiff suffered the damages and injuries alleged in this Complaint.

33.  Said battery was caused by said Defendants and/or each of them, within the course and scope of their employment with Defendant CITY OF OAKLAND.

34.  Defendant CITY OF OAKLAND is therefore liable for said battery as *respondeat superior.*

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FIFTH CLAIM FOR RELIEF

(CAL. CIVIL CODE SECTION 52.1)
(AGAINST DEFENDANTS M. PATTERSON, CITY OF OAKLAND, DOES 1-10)

COMPLAINT                              8

35. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 34.

36. In doing the acts and/or omissions as alleged herein, Plaintiff is informed and believes and thereon alleges that Defendants M. PATTERSON, CITY OF OAKLAND, DOES 1-10 and/or each of them, caused the Plaintiff to suffer the violation of his rights guaranteed by the United States Constitution and the California Constitution.

37. As a result, Plaintiff is entitled to relief under California Civil Code Section 52.1, including, but not limited to, compensatory damages, statutory damages, punitive damages against the individually named defendants, attorneys' fees, and costs in amounts to be determined according to proof.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

## STATEMENT OF DAMAGES

38. Plaintiff incorporates by reference and re-alleges herein Paragraphs 1 through 37.

39. As a result of the acts and/or omissions of Defendants, and each of them, as alleged herein, Plaintiff suffered damages, including, but not limited to:

 a. General damages, including, but not limited to, past, present and future damages for pain, suffering, and emotional distress;

 b. Special damages, including, but not limited to, past, present and/or future medical and related expenses, in

COMPLAINT                                9

amounts to be determined according to proof; and

  c. Lost wages in amounts to be determined according to proof.

  40. Plaintiff will also be entitled to an award of attorneys' fees and costs pursuant to statute(s) in the event that he is the prevailing party in this action under 42 U.S.C. Section 1983 and/or under other statutes and/or laws.

  41. Plaintiff will also be entitled to an award of statutory damages, attorneys' fees and costs pursuant to California Civil Code Sections 52 and/or 52.1 in the event that he is the prevailing party in this action.

## COMPLIANCE WITH TORT CLAIMS ACT

  42. Plaintiff filed a Tort Claim with the City of Oakland pursuant to the California Tort Claims Act.

## JURY TRIAL DEMAND

  43. Plaintiff hereby demands a jury trial.

## PRAYER

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. General damages in amounts to be determined according to proof;

2. Special damages in amounts to be determined according to proof;

3. Statutory damages pursuant to California Civil Code Sections 52 and/or 52.1;

4. Attorneys' fees pursuant to statutes;

5. Costs of suit;

COMPLAINT          10

6. For prejudgment interest as permitted by law;

7. For such other and further relief as the Court may deem just and proper.

DATED: March 24, 2005  _____
JAMES B. CHANIN
Attorney for Plaintiff

COMPLAINT                        11